UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. NYGAARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROPERTY DAMAGE APPRAISERS, INC.,<br><br>　　　　　Defendant. | Case No.  16-cv-02184-VC<br><br>**ORDER DENYING MOTION TO TRANSFER AND STAYING CASE PENDING MEDIATION**<br><br>Re: Dkt. No. 4 |

　　　　Both the Ninth Circuit and the California Court of Appeal have interpreted unenforceability provisos of the kind at issue in the parties' Franchise License Agreement.[1]  Both have concluded that such language reflects an absence of the mutual assent required for contract formation with respect to the affected terms.  *Laxmi Investments, LLC v. Golf USA*, 193 F.3d 1095, 1097-98 (9th Cir. 1999); *Winter v. Window Fashions Professionals, Inc.*, 166 Cal. App. 4th 943, 950 (2008).  The Franchise License Agreement therefore does not contain a valid forum-selection provision, nor does it contain a valid choice-of-law provision.  *See also* Cal. Bus. & Prof. Code § 20040.5; *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-98 (9th Cir. 2000).  Because the only other basis for venue in the Northern District of Texas (the franchiser's

---

[1] *See* FLA (Dkt. No. 4-2) at Ex N-1, § 1.H ("This agreement requires application of the law of Texas under certain circumstances.  This provision may not be enforceable under California law." (text bolded and capitalized in original)); *id.* at 1.I ("[A]rbitration will occur . . . in Fort Worth, Texas . . . .  This provision may not be enforceable under California law.  Prospective franchisees are encouraged to consult private legal counsel to determine the applicability of California and federal laws . . . to any provisions of the [FLA] restricting venue to a forum outside the State of California.").

Fort Worth headquarters) is insufficient, the motion to transfer is denied. *Jones*, 211 F.3d at 499.

The franchiser argues that the facts here are distinguishable from those in *Laxmi*. *See* Reply (Dkt. No. 12) at 8-9. That's true, but every distinction runs in Nygaard's favor. In *Laxmi*, the unenforceability language was disclosed to the franchisee in an offering circular before the agreement was executed. *Laxmi*, 193 F.3d at 1096. Here, the language was incorporated into the contract itself, declared an "integral part," and separately signed. FLA (Dkt. No. 4-2) at Ex. N-1. In *Laxmi*, the unenforceability language was required by the California regulations governing offering circulars. *Laxmi*, 193 F.3d at 1097-98. Here, the language appears to have been an entirely voluntary addendum. At least one court has read *Laxmi* as *less* compelling when the unenforceability proviso is included in the parties' agreement. *Jacobson v. Snap-on Tools Co.*, No. 15-CV-02141-JD, 2015 WL 8293164, at *3 (N.D. Cal. Dec. 9, 2015). But it's difficult to understand how language reflecting the lack of an objective meeting of the minds could be *less* important to the parties' agreement when it's removed from parol evidence and expressly made part of the contract. Nor, in this case, is there some other, curative evidence of an objective meeting of the minds. *Cf. Meadows v. Dickey's Barbecue Restaurants Inc.*, 144 F. Supp. 3d 1069, 1081 (N.D. Cal. 2015).

The franchiser's focus on *Laxmi* is also somewhat misplaced. "Federal law governs the validity of a forum selection clause," so *Laxmi* governs on that issue. *TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1353 (9th Cir. 1990). But it governs only on that issue. "[T]he interpretation of private contracts is ordinarily a question of state law." *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989). Here, California law governs contract formation and construction, including the threshold validity of the choice-of-law clause. *Cf. Trans-Tec Asia v. M/V Harmony Container*, 518 F.3d 1120, 1124 (9th Cir. 2008). It is *Winter*, not *Laxmi*, that stands for a general rule of California contract law that finds mutual assent lacking when a provision in the contract disclaims its own enforceability. It is therefore *Winter*, not *Laxmi*, that excludes the choice-of-law provision from the parties' agreement. *See Winter*, 166 Cal. App. 4th at 950 (excluding a

choice-of-law provision).

For the same reason, *Winter* controls on the License Agreement's mediation provision. Subsection 18.A requires mediation as a condition precedent to arbitration and names the franchiser's corporate headquarters as the proper forum. FLA (Dkt. No. 4-2) at § 18.A. This is then qualified by the understanding, "integral" to the parties' agreement, that "any provision selecting a forum outside California" may be void. *Id.* at Ex. N-1. *Winter*'s effect here is straightforward: Just as *Laxmi* compels the conclusion that the parties never agreed to a forum for litigation, *Winter* compels the conclusion that they never agreed to forum for mediation.[2] Mediation remains a condition precedent, but it does not need to take place at the franchiser's headquarters.

The satisfaction of a condition precedent to arbitration is ordinarily a question of procedural arbitrability to be answered by an arbitrator. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002). Here, however, there's no reason to address arbitrability (or the threshold validity of the arbitration provision) because no party is currently seeking to arbitrate. The franchiser has styled its motion as a request to compel "mediation/arbitration." Def.'s Br. (Dkt. No. 4) at 1. But the substance of the franchiser's motion makes clear that the only process it's seeking at the moment is mediation – a process Nygaard has already agreed to.[3] The Court will, of course, compel arbitration "if necessary," as the franchiser proposes. Def.'s Br. (Dkt. No. 4) at 1. But until the franchiser actually intends to avail itself of a provision in the License Agreement – that is, until the Court is actually presented with a dispute for arbitration and a request to send it there – the Court won't pronounce on the provision's validity or enforceability. Nor is the Court swayed by the franchiser's attempt to conflate the License Agreement's separate

---

[2] Even if *Winter* did not apply, the California Business and Professions Code might still invalidate the forum-selection clause. Cal. Bus. & Prof. Code § 20040.5. *But see Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1177 (E.D. Cal. 2010).
[3] As discussed at the motion hearing, Nygaard has agreed to mediation provided that mediation not be restricted to the franchiser's headquarters. *See also* Opp. (Dkt. 11) at 4. Given that *Winter* invalidates the forum-selection clause in the License Agreement's mediation provision, there appears to be no disagreement that mediation should proceed.

mediation and arbitration provisions into "mediation/arbitration."  The parties' dispute over how to satisfy mediation is not the same as a dispute over whether or how to satisfy arbitration.  Mediation and arbitration are distinct procedures, both in the License Agreement and under the Federal Arbitration Act.  *Portland Gen. Elec. Co. v. U.S. Bank Trust Nat. Ass'n*, 218 F.3d 1085, 1086 (9th Cir. 2000); *Cheng-Canindin v. Renaissance Hotel Assocs.*, 50 Cal. App. 4th 676, 683-85 (1996); *Evanston Ins. Co. v. Cogswell Properties, LLC*, 683 F.3d 684, 693 (6th Cir. 2012); *see also* N. Roberts, *Definitional Avoidance: Arbitration's Common-Law Meaning and the Federal Arbitration Act*, 49 UC Davis L. Rev. 1547 (2016).  Only arbitration falls under the Federal Arbitration Act.  9 U.S.C. §§ 2-4.  The franchiser can file a motion to compel arbitration once it actually wants to compel arbitration.  Only then will the Court consider *Winter*'s effect on the arbitration provision.

This case is stayed pending mediation in accordance with this Order, and a telephonic case management conference is set for June 27, 2017, at 2:30 pm.  If mediation concludes before the case management conference, the parties must promptly notify the Court.  The stay will not prevent either party from filing a motion to compel arbitration.

**IT IS SO ORDERED.**

Dated:  March 23, 2017

_____
VINCE CHHABRIA
United States District Judge

4